**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                Case No. 94-CR-81259-DT

DARREL HARRIS,

    Defendant.

                                                   /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR MODIFICATION
OF SENTENCE" PURSUANT TO 18 U.S.C. § 3582(c)(2)**

On March 3, 2008, Defendant Darrell Harris filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion is based on the passage of an amendment to the federal Sentencing Guidelines, recently given retroactive effect, that, according to Defendant, lowered the range applicable to the cocaine base offense for which Defendant was convicted. The court will deny the motion.

Defendant was convicted on three counts: conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846, distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and using the telephone in the conspiracy in violation of 21 U.S.C. § 843(b). Defendant was sentenced to a total of 240 months in prison, the relevant statutory minimum under 21 U.S.C. § 841(b)(1)(B)(iii). Defendant argues that he is now eligible for a reduction in his sentencing range.

A district court may reduce a defendant's sentence if modification is authorized by statute. *United States v. Ross*, 245 F.3d 586 (6th Cir. 2001). Under 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment "in the case of a defendant

who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Having reviewed Defendant's motion, the court must deny the motion. Because Defendant was sentenced to the statutory minimum, it is irrelevant whether the court may invoke its discretion to reduce his guideline range. The court simply has no discretion to impose a sentence below the statutory minimum. *See United States v. Green,* 532 F.3d 538, 546 n.8 (6th Cir. 2008) ("[T]he potential applicability of the reduction and retroactive effect continues to depend on subjective factors (e.g., nature and characteristics of the particular defendant and his or her crime) and specifically cannot override any mandatory statutory minimum sentences set forth by Congress."). Accordingly,

IT IS ORDERED that the Defendant's "Motion for Modification of Sentence" [Dkt. # 1084] is DENIED.

                                                    s/Robert H. Cleland  
                                                  ROBERT H. CLELAND  
                                                  UNITED STATES DISTRICT JUDGE

Dated: August 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 18, 2008, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner  
                                                  Case Manager and Deputy Clerk  
                                                  (313) 234-5522